Memorandum. Order of the Appellate Division reversed, with costs to abide the event, and defendants’ motion for summary judgment denied.
There are at least two issues of fact raised on defendants’ motion for summary judgment. The first is whether the reference to the status of plaintiffs’ general payment record with defendants was relevant In a qualifiedly privileged correspondence with plaintiffs’ principal concerned with errors in advertisements placed by plaintiffs with defendants for publication in newspapers (see Andrews v Gardiner, 224 NY 440, 445; Prosser, Torts [4th ed], pp 786-787; Restatement, 2d, Torts, §§ 605, 605A, Comment a [Tentative Draft No. 20, 1974]). The second is whether defendants were reckless in not ascertaining the correct current status of plaintiffs’ account with defendants before commenting on plaintiffs’ poor payment record. While, as to the second issue, defendants assert that they had no basis for believing that their "current” records were not up-to-date, the response simply develops the issue of fact; it does not eliminate it, since there is a dependent issue bearing on the extent of the known delay in defendants’ record-keeping methods. It may be that, as defendants argue, the worst outcome for them on either of these issues may show nothing more serious than negligence, but resolution must nevertheless await trial. Defendants do not dispute that the affirmative defense of qualified privilege may be overcome by malice established by showing recklessness with regard to the truth or falsity of otherwise defamatory statements (see Stillman v Ford, 22 NY2d 48, 53; Commonwealth Motor Parts v Bank of Nova Scotia, 44 AD2d 375, 378, affd 37 NY2d 824; Restatement, 2d, Torts, § 600, subd [a] [Tentative Draft No. 21, 1975]; see, generally, 35 NY Jur, Libel and Slander, § 94, at p 13).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
*829 Order reversed, etc.